**ARCHER & GREINER,**
**A PROFESSIONAL CORPORATION**
1025 Laurel Oak Road
Voorhees, New Jersey
(856) 795-2121
Attorneys for Plaintiff Patient First Corporation

By: Kerri E. Chewning, Esquire
     Kate A. Sherlock, Esquire

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **PATIENT FIRST CORPORATION,** | **Docket No.: 23-3142** |
| **Plaintiff,** | |
| **v.** | **COMPLAINT** |
| **MEDRITE PASSAIC LLC,** | **JURY TRIAL DEMANDED** |
| **and** | |
| **MEDRITE MANAGEMENT LLC,** | |
| **Defendants.** | |

Plaintiff, Patient First Corporation ("Plaintiff"), by counsel, for its complaint against

Defendants, Medrite Passaic LLC and Medrite Management LLC (collectively, the

"Defendants"), state as follows:

### Nature of the Action

1.      This action is for trademark infringement under Section 32(1) of the Lanham Act,

15 U.S.C. § 1114(1), unfair competition and false designation of origin under Section 43(a) of

the Lanham Act, 15 U.S.C. § 1125(a), and substantial and related claims of unfair competition

under the laws of the State of New Jersey, all arising from Defendants' unauthorized use of

Plaintiff's trademarks.

2.      Plaintiff seeks injunctive and monetary relief. /s/

**Parties**

3.      Plaintiff is a Virginia corporation with its principal place of business at 5000 Cox Road, Glen Allen, Virginia 23236.

4.      Medrite Passaic LLC is a New Jersey limited liability company with its principal place of business at 154 Main Avenue, Passaic, New Jersey.

5.      Medrite Management LLC is a New York limited liability company with its principal place of business at 46 Main Street, Suite 148, Monsey, New York 10952.

**Jurisdiction and Venue**

6.      This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331, and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367(a).

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this District.

8.      This Court has authority to grant the requested injunctive relief under 15 U.S.C. §1116.

9.      This Court has personal jurisdiction over Medrite Passaic LLC because it was formed under the laws of and has a principal place of business in New Jersey.

10.      This Court has personal jurisdiction over Medrite Management LLC because it registered as a foreign limited liability company with the State of New Jersey and, either independently or together with Medrite Passaic LLC, owns and operates four urgent care facilities in New Jersey at the following locations:

- 420 Route 46E, Fairfield, New Jersey 07004

- 458 West Street, Fort Lee, New Jersey 07024

- 1601 Tilton Road Unit 2, Northfield, New Jersey 08225

- 154 Main Avenue, Passaic, New Jersey 07055

## Facts

11.     Plaintiff operates urgent care centers in 77 locations throughout the mid-Atlantic,

including six locations in New Jersey.  Since 1981, Plaintiff has continuously used the PATIENT

FIRST mark to identify the source of, and in connection with, a broad range of medical and

health care services, including primary health care, preventative care, urgent care, and other

medical and health care related goods and services.

12.     Plaintiff owns an incontestable federal trademark registration for the word mark

PATIENT FIRST for "medical services" in Class 42, Reg. No. 1,460,408.

13.     Plaintiff owns an incontestable federal trademark registration for the word mark

PATIENT FIRST for "retail store services, namely, pharmacy services, retail drug store services,

and medical, wellness and health-related merchandise store services, provided via applicant's

stores" in Class 35, Reg. No. 4,035,334.

14.     Plaintiff owns a federal trademark registration for the word mark PATIENT

FIRST for (i) "providing customer bill payment services via the Internet" in Classes 36 and (ii)

"educational services concerning health and medical issues, namely, an on-line newsletter,

provided via a website and by email" in Class 44, Reg. No. 4,815,860.

15.     Plaintiff owns a federal trademark registration for the word mark PATIENT

FIRST for the following services:  (i) "online portal featuring business records for use by

patients and their personal representatives and for patients and their personal representatives to

share with third parties" in Class 35; (ii) "online secure messaging for patient communication

with medical service providers; online secure messaging for patient communication with medical

service providers for the purpose of requesting prescription refills and referrals to other medical service providers; secure online delivery of patient-specific educational resources from medical service providers to patients" in Class 38; (iii) "file sharing services, namely, providing a website featuring technology enabling patients and their personal representatives to upload and download electronic medical and business records" in Class 42; and (iv) "online portal featuring medical records for use by patients and their personal representatives and for patients and their personal representatives to share with third parties" in Class 44, Reg. No. 4,941,987.

16.     Plaintiff owns an incontestable federal trademark registration for the following design mark:

**Patient First**

for (i) "retail store services, namely, pharmacy services, retail drug store services and medical, wellness and health-related merchandise store services" in Class 35 and (ii) "medical services" in Class 44, Reg. No. 4,518,757.

17.     Plaintiff owns an incontestable federal trademark registration for the following design mark:



for (i) "retail store services, namely, pharmacy services, retail drug store services and medical, wellness and health-related merchandise store services" in Class 35 and (ii) "medical services" in Class 44, Reg. No. 4,518,756.

18.     Copies of the federal trademark registrations for the foregoing trademarks are attached as Exhibit A.

19.     The foregoing trademarks are hereinafter collectively referred to as the "Patient First Mark." The Patient First Mark is a distinctive and strong trademark for Plaintiff's medical and health care related goods and services.

20.     In 1997, Plaintiff registered, and has continuously used, the domain www.patientfirst.com to prominently display the Patient First Mark and to promote and offer Plaintiff's medical and health care related goods and services.

21.     In 2015, Plaintiff opened its first location in New Jersey in Woodbury. Plaintiff subsequently opened locations in Cherry Hill, Delran, Hamilton, Sicklerville, and Voorhees. Since opening these locations in New Jersey, Plaintiff has continuously used the Patient First Mark to promote and offer its medical and health care related goods and services to residents of New Jersey.

22.     As a result of Plaintiff's prevalent use of the registered and common law Patient First Mark, its efforts and expenditures for promotional activities, and by virtue of the excellence of Plaintiff's medical and health care related goods and services, the health care industry, including health care providers, vendors, suppliers and insurers, and the public associate the Patient First Mark with Plaintiff.

23.     In addition, Plaintiff works with hospitals, health systems, other health care providers, and/or third party health insurers in affordable care organizations, clinically integrated networks, and patient-centered medical homes to manage the delivery of medical and health care goods and services more efficiently and effectively to patients. The Patient First Mark is well known in the hospital community and by the general public.

24.     Because Plaintiff and the Patient First Mark are well known by providers of medical and health care related goods and services and by the general public, any use of a mark

that is confusingly similar to the Patient First Mark to promote any medical or health-related goods or services, whether such mark usage is directed to consumers or to businesses in the health and/or medical industries, is likely to cause confusion as to the source of such goods and services among consumers, business referral sources, and current and potential business partners of Plaintiff that would be damaging to it and the Patient First Mark.

25.    Plaintiff has expended considerable time, money, and effort in the development, preparation, promotion, and offering of its goods and services in connection with the Patient First Mark.  Plaintiff promotes and sells its goods and services to consumers through advertisements on television, websites, and social media.  As a result of these expenditures and efforts, the Patient First Mark now signifies the high quality of the medical and health care related goods and services and has acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

26.    According to records with the New Jersey Secretary of State, Medrite Management LLC registered as a foreign limited liability company in New Jersey on April 7, 2020 and Medrite Passaic LLC registered as New Jersey limited liability company on August 12, 2020.  Samuel Fisch is identified as the registered agent for both Defendants.

27.    In or about November 2022, without authorization from Plaintiff, after it already acquired protectable, exclusive rights in the Patient First Mark, Defendants started using the PATIENTS FIRST word mark (the "Infringing Mark") on their website, www.medriteurgentcare.com, to promote and offer their health care related services, as shown on the next page:



28.    Defendants also use the Infringing Mark on videos to promote and offer their health care services, as shown below:



29.    The Infringing Mark is confusingly similar to and incorporates the entirety of the Patient First Mark, which was distinctive prior to Defendants use of the Infringing Mark to promote and offer their health care services.

30.     Due to the federal trademark registrations for the Patient First Mark, Defendants had constructive notice of Plaintiff's rights in the Patient First Mark when Defendants started using the Infringing Mark.  Defendants have no priority or right in or to any trademark that is similar to the Patient First Mark.

31.     Upon gaining knowledge of the unauthorized and unlawful acts of Defendants, Plaintiff promptly provided written notice of the infringement to the registered agent for Defendants, Samuel Fisch.  Neither of the Defendants complied with Plaintiff's demands and Defendants continue to promote and offer health care services in commerce and in connection with the Infringing Mark.

32.     By letter dated January 31, 2023, counsel for Plaintiff gave notice of infringement of the Patient First Mark to Defendants' registered agent, Samuel Fisch, and demanded that Defendants, and any entity or person affiliated with them, cease all use of the Infringing Mark. UPS confirmed delivery of this letter on February 2, 2023, which was signed for by a person who identified themselves as "Kiran."

33.     In a letter to Defendants dated February 23, 2023, again sent to Defendants' registered agent, counsel for Plaintiff noted that use of the Infringing Mark was ongoing and constituted willful infringement.  This letter also reiterated Plaintiff's demand that Defendants, and any entity or person affiliated with them, cease all use of the Infringing Mark.  UPS confirmed delivery of this letter on February 27, 2023, which was signed for by a person who identified themselves as "Nastajah."

34.     Neither of the Defendants, nor any other entity or person, responded to any written notice to Defendants from Plaintiff.

35.     Despite having actual notice from Plaintiff, the unauthorized use of the Infringing Mark continued and is ongoing.  Defendants continue to use the Infringing Mark, without Plaintiff's authorization, to promote their health care services through the same marketing channels as the Plaintiff, including advertising online.  Defendants also use the Infringing Mark online to target the same consumers to which the Plaintiff markets its medical and health care related goods and services.  The Defendants' website using the Infringing Mark is directed to and accessible by consumers throughout the country, including consumers in New Jersey.  The unauthorized use of the Infringing Mark is likely to cause consumer confusion both within New Jersey and throughout the United States.

36.     Due to the substantial similarities in the marks, goods and services, and marketing channels, the unauthorized use of the Infringing Mark by Defendants (the "Unauthorized Use"), poses a strong likelihood of confusion with the Patient First Mark.  The Unauthorized Use also is likely to cause consumer confusion as to the source of similar goods and services offered by Plaintiff in connection with the Patient First Mark.  In addition, the Unauthorized Use is likely to lead consumers to mistakenly believe that Defendants' health care services are connected, associated, or affiliated in some way with Plaintiff, when, in fact, no such connection, association, or affiliation exists.

37.     Plaintiff has suffered and will continue to suffer substantial damage and irreparable injury from the Unauthorized Use.  Plaintiff has no adequate remedy at law, and, unless enjoined by this Court, the Unauthorized Use will continue to cause irreparable injury and damage to Plaintiff.

**Count I – Trademark Unauthorized Use (15 U.S.C. § 1114(1) and Common Law)**

38.     Plaintiff repeats and realleges the paragraphs above as if set forth herein.

39.     Plaintiff owns all rights in and to the Patient First Mark.  The Patient First Mark constitutes a family of strong, distinctive, and well known marks used in connection with medical and health care related goods and services that are offered to the general public. Plaintiff has expended considerable time, effort, and expense in using, promoting, and advertising the Patient First Mark, which establish Plaintiff as the source of origin and quality of its goods and services.  For decades, Plaintiff has built name recognition and goodwill in the Patient First Mark, as alleged above.  Plaintiff also has expended substantial financial resources to maintain such recognition and goodwill.

40.     The overall commercial impression of the Infringing Mark is practically identical to the Patient First Mark.  Indeed, the Infringing Mark is confusingly similar to and incorporates the entirety of the Patient First Mark.  Defendants promote and offer health care services in connection with the Infringing Mark that are identical or similar to the medical and health care related goods and services that Plaintiff promotes and offers in connection with the Patient First Mark.

41.     Defendants target usage of the Infringing Mark to the general public, who also are Plaintiff's target audience and potential customers.  The Infringing Mark and the Patient First Mark have the potential to be seen in the same markets and channels of commerce.

42.     Neither of the Defendants received or attempted to receive permission or approval from Plaintiff to adopt or use the Infringing Mark.

43.     The unauthorized use of the Infringing Mark in commerce by Defendants is likely to cause confusion, deception, and mistake as to source, by creating the false and misleading

impression that Defendants or their health care services are associated or connected with

Plaintiff, or have the sponsorship, endorsement, or approval of Plaintiff, which is false.

44.    Unless the unauthorized use of the Infringing Mark ceases, Plaintiff will be

damaged because it will cause confusion, mistake, and deception as to source, with consequent

irreparable damage to Plaintiff's business and goodwill.

45.    Defendants' use of the Infringing Mark has been willful, continuing, ongoing, and

deliberate.  As of the issuance of any of the federal trademark registrations owned by Plaintiff,

Defendants had constructive notice of the registered marks and the exclusive, nationwide rights

of Plaintiff to use the Patient First Mark in connection with the same or similar services claimed

in the registrations.  Nevertheless, Defendants acted deliberately and with contempt toward these

rights by adopting the confusingly similar Infringing Mark and using it in commerce in

connection with Defendants' health care services as alleged herein.

46.    The conduct of Defendants is causing immediate and irreparable harm and injury

to Plaintiff, and to the goodwill and reputation of the Patient First Mark, and will continue to

both damage Plaintiff and confuse the public unless enjoined.  Plaintiff has no adequate remedy

at law.

47.    Plaintiff has suffered, and will continue to suffer, actual damages in an amount to

be proven at trial.  Given the reckless disregard for Plaintiff's exclusive rights in the Patient First

Mark, Plaintiff is entitled to treble damages as a result of the willful infringement and statutory

damages pursuant to 15 U.S.C. § 1117 and the common law.

48.    Plaintiff also is entitled to, among other relief, injunctive relief and an award of

actual damages, the Defendants' profits, enhanced damages, reasonable attorneys' fees, and costs

of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

### Count II – False Designation of Origin (15 U.S.C. § 1125(a))

49.     Plaintiff repeats and realleges the paragraphs above as if set forth herein.

50.     The unauthorized use of the Infringing Mark in commerce by Defendants, as alleged herein, is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' health care services, and is likely to cause consumers to believe, contrary to fact, that these services are authorized, endorsed, or sponsored by Plaintiff, or that Defendants or their services are in some way affiliated with or sponsored by the Plaintiff, which is false.

51.     The unauthorized use of the Infringing Mark in commerce by Defendants, as alleged herein, constitutes use of a false designation of origin and misleading description and misrepresentation of fact in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

52.     The conduct of Defendants, as alleged herein, is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants or their services with Plaintiff.

53.     The conduct of Defendants, as alleged herein, constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

54.     The conduct of Defendants, as alleged herein, is causing immediate and irreparable harm and injury to Plaintiff, its good reputation, and to its goodwill in the Patient First Mark.  The unauthorized use of the confusing similar Infringing Mark in commerce by Defendants will continue to both damage Plaintiff and confuse the public unless enjoined.  Plaintiff has no adequate remedy at law.

55.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, the Defendants' profits, enhanced damages, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

### **Count III – Unfair Competition under New Jersey's Unfair Competition Act**

56.     Plaintiff repeats and realleges the paragraphs above as if set forth herein.

57.     Plaintiff competes with Defendants by providing the same or similar services that are provided by them in the same marketplace in New Jersey.

58.     Plaintiff owns all rights in and to the Patient First Mark, which is valid and protected from infringement.

59.     Defendants promote and offer health care services in connection with the Infringing Mark that are identical or similar to the medical and health care related goods and services that Plaintiff promotes and offers in connection with the Patient First Mark.

60.     Neither of the Defendants received or attempted to receive permission or approval from Plaintiff to adopt or use the Infringing Mark.

61.     The unauthorized use of the Infringing Mark by Defendants is likely to cause confusion as to source, by creating the false and misleading impression that Defendants or their health care services are associated or connected with Plaintiff, or have the sponsorship, endorsement, or approval of Plaintiff, which is false.

62.     These actions by the Defendants unfairly interfere with Plaintiff's business, misappropriate Plaintiff's reputation and goodwill, and constitute unfair competition, in violation of New Jersey's Unfair Competition Act, N.J.S.A. 56:4-1, *et seq.*

63.     By infringing the Patient First Mark, Defendants are intentionally making false representations in the relevant marketplace and impairing Plaintiff's ability to compete with Defendants on a level playing field.

64.     The unauthorized use by Defendants of the Infringing Mark and misappropriation of the Patient First Mark continue to generate profits from Defendants' services, which is further evidence of unfair competition.

65.     Unless the unauthorized use of the Infringing Mark ceases, Plaintiff will be damaged because such use will cause confusion, mistake, and deception as to source, with consequent irreparable damage to Plaintiff's business and goodwill.

66.     Defendants' use of the Infringing Mark has been willful, continuing, ongoing, and deliberate.  As of the issuance of any of the federal trademark registrations owned by Plaintiff, Defendants had constructive notice of the registered marks and the exclusive, nationwide rights of Plaintiff to use the Patient First Mark in connection with the same or similar services claimed in the registrations.  Nevertheless, Defendants acted deliberately and with contempt toward these rights by adopting the confusingly similar Infringing Mark and using it in commerce in connection with Defendants' health care services as alleged herein.

67.     The conduct of Defendants is causing immediate and irreparable harm and injury to Plaintiff, and to the goodwill and reputation of the Patient First Mark, and will continue to both damage Plaintiff and confuse the public unless enjoined.  Plaintiff has no adequate remedy at law.

68.     Plaintiff has suffered, and will continue to suffer, actual damages in an amount to be proven at trial.

69.     Plaintiff also is entitled to, among other relief, injunctive relief and an award of actual damages, the Defendants' profits, enhanced damages, reasonable attorneys' fees, and costs of the action under New Jersey's Unfair Competition Act, N.J.S.A. 56:4-1, *et seq.*, together with prejudgment and post-judgment interest.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Medrite Passaic LLC and Medrite Management LLC, and enter an order as follows:

A.    Finding that Defendants infringed upon Plaintiff's exclusive rights in its federal trademarks and common law marks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114; Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); Section 43(c) of the Lanham Act, 15 U.S.C. §1125(d); and the common law;

B.    Finding that Defendants engaged in unfair competition under the laws of the State of New Jersey;

C.    Ordering Defendants to remedy these violations of New Jersey law by requiring them to discontinue their unfair competition;

D.    Preliminarily and permanently enjoining and restraining Defendants and their agents, servants, employees, attorneys, successors, and assigns, and any and all persons acting in concert or participating with them, from directly or indirectly:

i.     using the Infringing Mark, or any mark confusingly similar to the Patient First Mark, in connection with Defendants' services;

ii.    using the Infringing Mark, or any mark confusingly similar to the Patient First Mark, in any manner likely to cause others to believe that the Defendants' services are connected with Plaintiff or its goods and services;

      iii.     committing any other acts that may cause consumers to believe that the Defendants' services are endorsed, licensed, or approved by Plaintiff or otherwise provided for the benefit of Plaintiff;

      iv.     making any false or misleading statements regarding Plaintiff or its goods and services, or the relationship between Plaintiff, on the one hand, and either of the Defendants, on the other hand; and

      v.     assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (i) through (iv).

E.     Requiring Defendants and any and all persons controlled by or acting in concert with them to deliver to Plaintiff for destruction all goods, packages, and any other written or printed materials, in tangible or intangible form, that bear or depict the Infringing Mark, or any mark confusingly similar to the Patient First Mark;

D.     Requiring Defendants to account for their profits from the use of the Infringing Mark and pay to Plaintiff such sum and any amount in addition thereto as the Court deems just;

E.     Directing Defendants to file with the Court and serve upon Plaintiff's counsel within 30 days after service on Defendants of an injunction in this action, or such period as the Court may direct, a written report detailing Defendants' compliance with the injunction, as provided by 15 U.S.C. § 1116(a);

F.     Finding Defendants' infringement to be willful and this case to be exceptional;

G.     Awarding Plaintiff its attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a);

H.     Awarding Plaintiff damages arising out of Defendants' wrongful acts in a sum equal to three times the actual damages suffered by Plaintiff, as provided in 15 U.S.C. § 1117(b);

I.      Awarding Plaintiff statutory damages for Defendants' willful use of counterfeit marks, in lieu of actual damages, as provided in 15 U.S.C. § 1117(c);

J.      Requiring Defendants to disgorge their profits and other ill-gotten gains pursuant to New Jersey common law;

K.      Awarding Plaintiff pre- and post-judgment interest;

L.      Awarding Plaintiff punitive damages in view of Defendants' reckless, willful, and wanton acts committed with conscious disregard for the exclusive rights of Plaintiff; and

M.      Granting Plaintiff its monetary damages, interest, attorneys' fees and costs jointly and severally against each of the Defendants.

N.      Granting Plaintiff such other general and further relief as this Court deems just and proper.

### Jury Demand

Plaintiff demands a trial by jury

ARCHER & GREINER,
A Professional Corporation

Date:   June 7, 2023

Kerri E. Chewning
kchewning@archerlaw.com
Kate A. Sherlock
ksherlock@archerlaw.com
1025 Laurel Oak Road
Voorhees, New Jersey
(856) 795-2121

*Counsel for Plaintiff*
Patient First Corporation

### **Local Civil Rule 11.2 Certification**

Pursuant to 28 U.S.C. 1746, I hereby certify that the foregoing Complaint is not the

subject of any other action pending in any court, or arbitration, or administrative proceeding.

_____

Kerri E. Chewning

4857-3418-5313, v. 3
227301918 v1

# EXHIBIT A

Int. Cl.: 42

Prior U.S. Cl.: 100

Reg. No. 1,460,408

**United States Patent and Trademark Office**   Registered Oct. 6, 1987

## SERVICE MARK
### PRINCIPAL REGISTER

## PATIENT FIRST

CEC MANAGEMENT, INC. (VIRGINIA CORPO-
RATION)
15 EAST FRANKLIN STREET
RICHMOND, VA 23220

FOR: MEDICAL SERVICES, IN CLASS 42
(U.S. CL. 100).
FIRST USE 11-19-1986; IN COMMERCE
11-19-1986.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "PATIENT", APART FROM
THE MARK AS SHOWN.

SER. NO. 643,465, FILED 2-9-1987.

JEAN E. LOGAN, EXAMINING ATTORNEY



# PATIENT FIRST

**Reg. No. 4,035,334**

**Registered Oct. 4, 2011**

**Int. Cl.: 35**

**SERVICE MARK**

**PRINCIPAL REGISTER**

PATIENT FIRST CORPORATION (VIRGINIA CORPORATION)
SUITE 100
5000 COX ROAD
GLEN ALLEN, VA 23060

FOR: RETAIL STORE SERVICES, NAMELY, PHARMACY SERVICES, RETAIL DRUG STORE SERVICES, AND MEDICAL, WELLNESS AND HEALTH-RELATED MERCHANDISE STORE SERVICES, PROVIDED VIA APPLICANT'S STORES, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 11-27-1984; IN COMMERCE 1-7-1994.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 1,460,408.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "PATIENT", APART FROM THE MARK AS SHOWN.

SN 77-538,900, FILED 8-5-2008.

ANGELA M. MICHELI, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years\***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.\* *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or
reminder of these filing requirements.**

---

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.



# United States of America
## United States Patent and Trademark Office

# PATIENT FIRST

**Reg. No. 4,815,860**

**Registered Sep. 22, 2015**

PATIENT FIRST CORPORATION (VIRGINIA CORPORATION)
5000 COX ROAD
GLEN ALLEN, VA 23060

**Int. Cls.: 36 and 41**

FOR: PROVIDING CUSTOMER BILL PAYMENT SERVICES VIA THE INTERNET, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

**SERVICE MARK**

FIRST USE 2-28-2012; IN COMMERCE 2-28-2012.

**PRINCIPAL REGISTER**

FOR: EDUCATIONAL SERVICES CONCERNING HEALTH AND MEDICAL ISSUES, NAMELY, AN ON-LINE NEWSLETTER, PROVIDED VIA A WEBSITE AND BY EMAIL, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 5-20-2010; IN COMMERCE 5-20-2010.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 1,460,408 AND 4,035,334.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "PATIENT", APART FROM THE MARK AS SHOWN.

SER. NO. 86-307,589, FILED 6-12-2014.

WILLIAM JACKSON, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years\***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the
> 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is
> accepted, the registration will continue in force for the remainder of the ten-year period, calculated
> from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a
> federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an
> Application for Renewal between the 9th and 10th years after the registration date.\*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between
> every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above
with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with
an extension of protection to the United States under the Madrid Protocol must timely file the Declarations
of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office
(USPTO). The time periods for filing are based on the U.S. registration date (not the international registration
date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to
those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international
registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the
underlying international registration at the International Bureau of the World Intellectual Property Organization,
under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated
from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal
forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the
USPTO website for further information. With the exception of renewal applications for registered
extensions of protection, you can file the registration maintenance documents referenced above online
at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark
owners/holders who authorize e-mail communication and maintain a current e-mail address with the
USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark
Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms
available at** http://www.uspto.gov.

# United States of America

## United States Patent and Trademark Office

# PATIENT FIRST

**Reg. No. 4,941,987**

**Registered Apr. 19, 2016**

**Int. Cls.: 35, 38, 42, and 44**

**SERVICE MARK**

**PRINCIPAL REGISTER**

PATIENT FIRST CORPORATION (VIRGINIA CORPORATION)
5000 COX ROAD
GLEN ALLEN, VA 23060

FOR: ONLINE PORTAL FEATURING BUSINESS RECORDS FOR USE BY PATIENTS AND THEIR PERSONAL REPRESENTATIVES, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 4-21-2015; IN COMMERCE 4-21-2015.

FOR: ONLINE SECURE MESSAGING FOR PATIENT COMMUNICATION WITH MEDICAL SERVICE PROVIDERS; ONLINE SECURE MESSAGING FOR PATIENT COMMUNICATION WITH MEDICAL SERVICE PROVIDERS FOR THE PURPOSE OF REQUESTING PRESCRIP- TION REFILLS AND REFERRALS TO OTHER MEDICAL SERVICE PROVIDERS; SECURE ONLINE DELIVERY OF PATIENT-SPECIFIC EDUCATIONAL RESOURCES FROM MEDICAL SERVICE PROVIDERS TO PATIENTS, IN CLASS 38 (U.S. CLS. 100, 101 AND 104).

FIRST USE 4-21-2015; IN COMMERCE 4-21-2015.

FOR: FILE SHARING SERVICES, NAMELY, PROVIDING A WEBSITE FEATURING TECHNOLOGY ENABLING PATIENTS AND THEIR PERSONAL REPRESENTATIVES TO UPLOAD AND DOWNLOAD ELECTRONIC MEDICAL AND BUSINESS RECORDS, IN CLASS 42 (U.S. CLS. 100 AND 101).

FIRST USE 4-21-2015; IN COMMERCE 4-21-2015.

FOR: ONLINE PORTAL FEATURING MEDICAL RECORDS FOR USE BY PATIENTS AND THEIR PERSONAL REPRESENTATIVES AND FOR PATIENTS AND THEIR PERSONAL REPRESENTATIVES TO SHARE WITH THIRD PARTIES , IN CLASS 44 (U.S. CLS. 100 AND 101).

FIRST USE 4-21-2015; IN COMMERCE 4-21-2015.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR- TICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 1,460,408 AND 4,035,334.



Director of the United States
Patent and Trademark Office

**Reg. No. 4,941,987**   NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "PATIENT", APART FROM THE MARK AS SHOWN.

SN 86-307,704, FILED 6-12-2014.

WILLIAM JACKSON, EXAMINING ATTORNEY

Page: 2 / RN # 4,941,987

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years\***
**What and When to File:**

>   *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the
>   5th and 6th years after the registration date.  *See* 15 U.S.C. §§1058, 1141k.  If the declaration is
>   accepted, the registration will continue in force for the remainder of the ten-year period, calculated
>   from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a
>   federal court.

>   *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an
>   Application for Renewal between the 9th and 10th years after the registration date.\*
>   *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

>   You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between
>   every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above
with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with
an extension of protection to the United States under the Madrid Protocol must timely file the Declarations
of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office
(USPTO). The time periods for filing are based on the U.S. registration date (not the international registration
date).   The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to
those for nationally issued registrations.   *See* 15 U.S.C. §§1058, 1141k.  However, owners of international
registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the
underlying international registration at the International Bureau of the World Intellectual Property Organization,
under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated
from the date of the international registration.   *See* 15 U.S.C. §1141j.  For more information and renewal
forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the
USPTO website for further information.  With the exception of renewal applications for registered
extensions of protection, you can file the registration maintenance documents referenced above online
at** http://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark
owners/holders who authorize e-mail communication and maintain a current e-mail address with the
USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark
Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms
available at** http://www.uspto.gov.

# United States of America
## United States Patent and Trademark Office

# Patient First

**Reg. No. 4,518,757**

**Registered Apr. 22, 2014**

**Int. Cls.: 35 and 44**

**SERVICE MARK**

**PRINCIPAL REGISTER**

PATIENT FIRST CORPORATION (VIRGINIA CORPORATION)
SUITE 100
5000 COX ROAD
GLEN ALLEN, VA 23060

FOR: RETAIL STORE SERVICES, NAMELY, PHARMACY SERVICES, RETAIL DRUG STORE SERVICES AND MEDICAL, WELLNESS AND HEALTH-RELATED MERCHANDISE STORE SERVICES , IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 11-12-1998; IN COMMERCE 11-12-1998.

FOR: MEDICAL SERVICES, IN CLASS 44 (U.S. CLS. 100 AND 101).

FIRST USE 11-12-1998; IN COMMERCE 11-12-1998.

OWNER OF U.S. REG. NOS. 1,460,408, 3,800,249, AND 4,035,334.

THE COLOR(S) GREEN IS/ARE CLAIMED AS A FEATURE OF THE MARK.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "PATIENT", APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF THE WORDS "PATIENT FIRST" IN DISTINCTIVE FONT; THE WORDS "PATIENT FIRST" ARE GREEN.

SN 85-807,278, FILED 12-20-2012.

JANICE L. MCMORROW, EXAMINING ATTORNEY



**Deputy Director of the United States**
**Patent and Trademark Office**

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years\***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.\*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or
reminder of these filing requirements.**

---

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

# United States of America
## United States Patent and Trademark Office



**Reg. No. 4,518,756**

**Registered Apr. 22, 2014**

**Int. Cls.: 35 and 44**

**SERVICE MARK**

**PRINCIPAL REGISTER**

PATIENT FIRST CORPORATION (VIRGINIA CORPORATION)
SUITE 100
5000 COX ROAD
GLEN ALLEN, VA 23060

FOR: RETAIL STORE SERVICES, NAMELY, PHARMACY SERVICES, RETAIL DRUG STORE SERVICES AND MEDICAL, WELLNESS AND HEALTH-RELATED MERCHANDISE STORE SERVICES , IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 11-30-2001; IN COMMERCE 11-30-2001.

FOR: MEDICAL SERVICES, IN CLASS 44 (U.S. CLS. 100 AND 101).

FIRST USE 11-30-2001; IN COMMERCE 11-30-2001.

OWNER OF U.S. REG. NOS. 1,460,408, 3,800,249, AND 4,035,334.

THE COLOR(S) WHITE AND GREEN IS/ARE CLAIMED AS A FEATURE OF THE MARK.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "PATIENT", APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF THE WORDS "PATIENT FIRST" IN DISTINCTIVE FONT; THE WORDS "PATIENT FIRST" ARE WHITE AND ON A GREEN BACKGROUND.

SN 85-807,277, FILED 12-20-2012.

JANICE L. MCMORROW, EXAMINING ATTORNEY



**Deputy Director of the United States**
**Patent and Trademark Office**

REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION

WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.

**Requirements in the First Ten Years***
**What and When to File:**

*First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  *See* 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

*Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.* *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or reminder of these filing requirements.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date).  The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.  *See* 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  *See* 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:   Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.